UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUDREY POLK,

        Plaintiff,                        CIVIL ACTION NO. 04CV-72537-DT

vs.

                                      DISTRICT JUDGE PAUL D. BORMAN

UNUM PROVIDENT,              MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
DISCOVERY (DOCKET # 56)**

In this ERISA action, Plaintiff alleges that Defendant acted arbitrarily, capriciously, and with bias and a conflict of interest in denying her claim for benefits. On May 10, 2005, Plaintiff filed a Motion to Compel Discovery which has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). Through counsel, the parties presented oral arguments on July 11, 2005. In her motion, Plaintiff seeks, *inter alia*, discovery relating to (1) the salaries and bonuses of certain doctors and claims handlers employed by Defendant, (2) the legal and financial relationship between Defendants UNUM Provident and Paul Revere, (3) records from the Targeted Multistate Market Conduct Committee and Georgia Commissioner of Insurance generated from another case against Defendant (Letter from Plaintiff's counsel Amos Williams dated February 23, 2005). Plaintiff also seeks to depose Defendants' doctors and claims handlers. Plaintiff argues that her requested discovery is relevant and necessary to prove that Defendant acted with bias and a conflict of interest in denying her benefits.

Defendant objects to Plaintiff's discovery requests asserting that this Court's review is limited to the administrative record relied on by Defendant such that any additional discovery is immaterial to this Court's review. Defendant also points out that a plan administrator is always presumed to have a

conflict of interest when deciding whether to pay out a claim for benefits such that discovery relating to the same is unnecessary. Thus, the question presented here is the extent to which an ERISA plaintiff may seek discovery beyond the administrative record.

Generally, under FED. R. CIV. P. 26(b)(1), discovery may be had "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . if the information sought appears reasonably calculated to the discovery of admissible evidence." However, in an ERISA claim contesting the denial of benefits, the district court's review is generally limited to the record relied upon by the plan administrator such that discovery is not permitted.[1] *Kilian v. Healthsource Provident Administrators*, 152 F.3d 514, 515 (6th Cir. 1998)(citing *Perry v. Simplicity Engineering*, 900 F.2d 963 (6th Cir. 1990); *see also Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 458 n.3 (6th Cir. 2003).

Relying on *Wilkins v. Baptist Healthcare Sys. Inc.*, 150 F.3d 609 (6th Cir. 1998), Plaintiff asks this Court to recognize an exception to the 'no-discovery' rule applicable in ERISA actions and compel Defendant to respond to her discovery requests where those requests tend to show that Defendant acted with bias and a conflict of interest. In *Wilkins*, Judge Gilman indicated in his concurring majority opinion that:

> The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.

*Wilkins*, 150 F.3d at 618 (J. Gilman)(concurring). Plaintiff asserts that *Wilkins* therefore supports her

---

[1] In limited circumstances, however, a claimant challenging the denial of benefits in an ERISA action may be permitted discovery where he raises a procedural due process challenge to the administrator's decision. *Wilkins v. Baptist Healthcare Sys. Inc.*, 150 F.3d 609, 618 (6th Cir. 1998)(citing *Vanderklok v. Provident Life and Accident Ins. Co., Inc.*, 956 F.2d 610, 617 (6th Cir. 1992)). In this case, Plaintiff fails to allege a factual basis to support a procedural challenge to Defendant's decision to deny her benefits. Accordingly, Plaintiff cannot invoke the procedural due process exception to the 'no-discovery' rule applicable in ERISA actions.

discovery requests where those requests tend to show bias and a conflict of interest. This Court disagrees.

Under the doctrine of *stare decisis,* this Court would generally be bound to follow the rules of law established by the Sixth Circuit Court of Appeals. However, not every expression by a court amounts to a rule of law subject to recognition under *stare decisis*. For instance,

> [c]ourts sometimes go beyond the point necessary for a decision in a lawsuit and make expressions on certain things there involved which are not necessary for a determination of the lawsuit. Such statements by a court are known as dictum. The term 'dictum' is an abbreviation of 'obiter dictum' which means generally a remark or opinion uttered by the way. Obviously the very definition of the term shows that it has no bearing on the direct route or decision of the case but is made aside or on the way and is, therefore, not a controlling statement to courts when the question rises again that has been commented on by way of dictum. Frequently and naturally dictum is persuasive, but as a general rule it is not binding as an authority or a precedent within the rule of *stare decisis*.

*Staten v. State*, 232 191 Tenn.157, 160 (Tenn. 1950)(citing 21 C.J.S., Courts, Section 190, pg. 309). As explained below, the *Wilkins* court never considered whether to allow discovery in an ERISA action based on allegations of bias or conflict of interest.

In *Wilkins*, the plaintiff sought to introduce in the district court an affidavit of a physician who offered an impression of an MRI taken after the Plan Administrator made the decision to deny benefits. Confined to the record that was before the Plan Administrator, the district court refused to consider the affidavit. The Sixth Circuit affirmed the district court's decision because the affidavit was not included in the record upon which the Plan Administrator relied in reaching its decision to deny plaintiff's claim for benefits. Therefore, to the extent that Judge Gilman's concurring majority opinion indicates that discovery should be allowed in an ERISA action alleging bias, such an expression was extraneous and beyond the issue presented in that case. Accordingly, Judge Gilman's concurring opinion indicating that an ERISA claimant may be entitled to discovery relating to bias is merely dictum

and not controlling. Other than the *Wilkins* case, Plaintiff fails to cite any controlling authority to support her request for discovery.

This Court finds persuasive the path taken by other courts that have considered the same issue. In *Schey v. Unum Life Ins. Co.*, 145 F. Supp. 2d 919 (N.D. Ohio 2001), the court considered whether to allow discovery to a claimant who alleged bias and conflict of interest on the part of a plan administrator. Citing to *Killian v. Healthsource Provident Administrators, Inc.*, 152 F.3d 514 (6th Cir. 1998), the court concluded that there is "an irrebuttable presumption . . . [of] a conflict of interest . . . or bias . . . whenever the same entity wears both the administrator's hat and the payor's hat [and] no need exists for discovery of evidence to establish [such a conflict of interest]." *Schey*, 145 F. Supp. 2d at 923. The court also noted that "it seems difficult to imagine that every ERISA claim involving a self-funded plan should involve a free ranging inquiry into the mental processes of those making the challenged benefit decision." *Id.* at 924.

In an unpublished case from the Middle District of Tennessee, the court similarly rejected an ERISA plaintiff's claim to conduct discovery based on an alleged conflict of interest and bias. *Boswell v. UNUM Lilfe Ins. Co. Of America*, 02-0002 (M.D. Tenn. 2002)(Order dated March 27, 2003). There, the court concluded that:

> In virtually any case in which an employee seeks insurance benefits, either from his self-insured employer or from a third-party insurer, there will be some financial 'pressure' not to provide the benefits sought. If that situation were determined to give rise to an 'inherent conflict of interest,' which would support a claim of 'bias' on the part of the administrator, then discovery would be allowed in virtually every ERISA case.

*Boswell,* Order at 3. Thus, the court denied plaintiff's motion for discovery and concluded that the "inherent conflict of interest" of a decision-maker and insurer is insufficient to open the 'floodgate of discovery' in ERISA actions.

This Court finds both *Schey* and *Boswell* persuasive and agrees that "nothing in the law of this Circuit . . . permits discovery of evidence outside the administrative record beyond the guidelines set out in the *Wilkins* case." *Schey,* 145 F. Supp. 2d at 924.

Accordingly, Plaintiff's Motion To Compel Discovery is **DENIED.**

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: July 25, 2005                       s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE



**Proof of Service**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 25, 2005                       s/ Lisa C. Bartlett
                                           Courtroom Deputy