UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AUDREY POLK,**

       **Plaintiff,**                  **CIVIL ACTION NO. 04CV-72537-DT**

  vs.

                                     **DISTRICT JUDGE PAUL D. BORMAN**

**UNUM PROVIDENT,**          **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendants.**
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DOCKET # 51)

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint filed on March 29, 2005 and to which Defendant filed a Response in opposition. The parties presented oral arguments on July 11, 2005. Previously, Defendant stipulated to Plaintiff's First Amended Complaint which contained one count alleging breach of contract. In her proposed second amended complaint, Plaintiff seeks to re-characterize Count I of her complaint as a claim arising under ERISA and not breach of contract. Plaintiff also seeks to add allegations that Defendant acted arbitrarily, capriciously, and with bias and conflict of interest in denying her benefits.

After a party has filed a complaint and later wishes to amend his original complaint, he must do so in accordance with Fed. R. Civ. P. 15(a) which reads,

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Granting leave to amend a complaint is discretionary and may depend on several factors including, but not limited to, a finding of bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Hageman v.*

*Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, Defendant objects to Plaintiff's second amended complaint asserting that it would be prejudiced to allow the amendment at such a late stage and after the parties have filed their dispositive motions. The Court disagrees. While it is true that the parties have filed their dispositive motions, Judge Borman has indicated that he will allow the parties to re-file their cross motions for summary judgment after the undersigned has resolved the instant motion and another pending discovery motion (Tr 9-10, Status Conference of May 4, 2005). Therefore, if Defendant wishes to raise other arguments and theories in response to Plaintiff's second amended complaint, Defendant may still do so.

Additionally, Plaintiff's second amended complaint does not raise any new theories but instead seeks only to re-characterize Count I of Plaintiff's complaint as a claim arising under ERISA and not breach of contract. However, in its Motion for Summary Judgment Defendant construed and responded to Plaintiff's breach of contract claim contained in Plaintiff's First Amended Complaint as a claim arising under ERISA. Because Defendant has already addressed the merits of Plaintiff's ERISA claim, Defendant will not be prejudiced by allowing Plaintiff to file her second amended complaint. Therefore, to the extent that Plaintiff seeks to re-characterize Count I of her complaint as an ERISA claim instead of a breach of contract claim, Plaintiff's amendment does not appear to be either prejudicial to Defendant or motivated by an improper purpose.

Defendant also objects to Plaintiff's proposed second amended complaint on the grounds that Plaintiff now wishes to add allegations relating to matters outside of the administrative record. Defendant contends that such allegations are irrelevant to the instant case and alleges that Plaintiff's motivation to add such allegations is for the sole purpose of supporting her request for discovery. The Court will address separately Plaintiff's Motion to Compel discovery and declines to do so here. The remaining question is whether the Court should deny Plaintiff leave to file her proposed second

amended complaint where Plaintiff seeks to add allegations relating to matters outside the administrative record. The allegations in question that Plaintiff wishes to add are as follows:

> 12. Defendants have been subject to a Targeted Multistate Exam which found significant concerns with Defendants' claims handling practices and procedures.
>
> 13. Several of Defendants' former employees, including Dr. Sharry and Dr. Feist, have testified to the bias and conflict of interest involved in Defendants' claims handling of disability claims.

(Plaintiff's Proposed Second Amended Complaint attached to Motion for Leave, pg. 2, ¶¶ 12-13).

Federal Rule of Civil Procedure 8(a), governing the general pleading requirements, provides in relevant part that "[a] pleading which sets forth a claim for relief . . . shall contain a short and plain statement of the claim showing that the pleader is entitled to relief". Having reviewed Plaintiff's proposed second amended complaint, the Court concludes that Plaintiff's proposed complaint alleges a claim arising under ERISA. In this regard, Plaintiff's proposed second amended complaint complies with Rule 8(a)(2). Seemingly, the question here is whether the two additional sentences sought to be added by Plaintiff would result in a violation of the 'short and plain statement' mandates of Rule 8(a)(2). Defendant has failed to address or brief this question.

Some courts that have considered the issue have found defective those complaints containing numerous impertinent, evidentiary, or scandalous allegations. *See generally Carrigan v. California State Legislature*, 263 F.2d 560 (9th Cir. 560)(finding that complaint failed to comply with Rule 8 where the plaintiff's legal theories were intertwined with 150 pages containing hundreds of hearsay conversations, letters written by plaintiff, and other self-serving statements); *Adair v. Schneider*, 293 F. Supp. 393(D.C. N.Y. 1968)(complaint violated Rule 8 by containing extended embroidery of evidentiary allegations). It is difficult to imagine, however, that allowing Plaintiff leave to add two additional sentences amounts to a violation of the short and concise mandate of Rule 8 even if those two sentences appear immaterial.

As one court has emphasized, "[e]ven if the allegations are redundant or immaterial, they need not be stricken if their presence in the pleading cannot prejudice the adverse party." *Barnes v. A. Sind & Assocs.*, 32 F.R.D. 39 (D. Md. 1963). More eloquently stated:

> short of abuse or practical impropriety, a reasonable latitude should be allowed to a pleader in the statement of his claim or defense; and that not every dubious or errant phrase in a pleading should be eradicated from it to suit the taste of a critical adversary. In practice, what matters is not alone whether the phrase is immaterial, but whether its presence, if it be immaterial, is calculated to be harmful.

*Barnes*, 32 F.R.D. at 40 (internal citations and quotations omitted). In this case, the Court finds that Defendants will not be prejudiced by answering the allegations of the complaint with or without the additional two sentences contained in Plaintiff's proposed second amended complaint.

Accordingly, having concluded that Defendant's objections to Plaintiff's proposed amended complaint are without merit, Plaintiff's Motion for Leave to File Second Amended Complaint is **GRANTED** pursuant to Fed. R. Civ. P. 15.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: July 26, 2005                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.


Dated: July 26, 2006                    s/ Lisa C. Bartlett
                                        Courtroom Deputy